506 P.2d 1272

**In re Francis C. LUND, Disciplinary Proceeding.**

**No. 13033.**

Supreme Court of Utah.

Feb. 28, 1973.

---

2. 24 Utah 2d 16, 465 P.2d 175 (1970).

**182**

Francis C. Lund, Spencer L. Haycock, Salt Lake City, for appellant Lund.

Harold G. Christensen, Craig S. Cook, Salt Lake City, for respondent State Bar.

PER CURIAM:

This is an appeal from a Bar Association recommendation for a one-year suspension of the attorney-appellant, and as a condition of reinstatement, that a) he pay the complainant a sum certain, admittedly due ($2,163.71), b) he settle amounts owing by him in excess thereof "by an appropriate judicial proceedings, or by agreement with her [the complainant]," that c) he reimburse her for any reasonable attorney's fees and costs incurred by him in connection therewith (whatever that means) and that he submit proof of payment thereof, and that d) he reimburse the Bar for expenses anent the "disciplinary proceding [sic]."

The record in this case appears clearly to justify the Bar's recommendation, and to show that although the appellant represented the petitioner in a case where she allegedly was an accomplice in a murder case (which claim of complicity later was dropped), and represented her in recovering about $24,000 on an insurance policy covering her murdered husband, for a fixed fee of one third of such recovery (later reduced to one fourth thereof), he failed to meet the standards required of an attorney at law by violating the terms of an agreement to deposit the money in a trust specifically to be created for her children. He failed to accomplish this fact, by commingling the money received with his own, and by failing to account to petitioner for expenditures made or advanced. The details adequately cannot be reviewed here since a substantial number of them were not made available, and without them, and together with those unsatisfactorily represented, there appears to have been a misuse of the funds and a concealment or inability to dispel some most compelling facts reflecting misuse thereof.

The terms set forth in the Bar Commission's recommendation do not seem to be capricious or too onerous in light of the almost obvious professional indiscretion of the appellant, so that we affirm the order recommending the suspension, together with the conditions recommended for reinstatement.